1
2
3                    UNITED STATES DISTRICT COURT
4                         DISTRICT OF NEVADA
5                               * * *
6   ELIAS G. MONTALVO,                    Case No. 3:20-cv-00131-MMD-WGC
7                    Petitioner,                      ORDER
8        v.
9   ISIDRO BACA, *et al.*,
10                   Respondents.
11
12

### I.   SUMMARY

This case began with a *pro se* petition for a writ of habeas corpus, under 28 U.S.C. § 2254, filed by Elias G. Montalvo, an individual incarcerated at the Northern Nevada Correctional Center. Before the Court is Respondents' motion to dismiss. (ECF No. 17.) As further explained below, the Court will grant the motion on the ground that Montalvo's petition is barred by the statute of limitations, and will dismiss this action.

### II.   BACKGROUND

On November 2, 2015, following a jury trial, Montalvo was convicted of second-degree murder, and he was sentenced to life in prison with parole eligibility after ten years. (ECF No. 24-6 (judgment of conviction).) Montalvo appealed, and the Nevada Court of Appeals affirmed his conviction on January 19, 2017. (ECF No. 28-5.)

On May 17, 2017, Montalvo filed a *pro se* state habeas corpus petition in the state district court. (ECF No. 28-11.) The state district court denied Montalvo's petition on November 29, 2017. (ECF No. 29-7.) Montalvo appealed, and the Nevada Supreme Court affirmed on July 20, 2018. (ECF No. 29-20.) The Nevada Supreme Court denied

rehearing on September 27, 2018. (ECF No. 29-22.) The Nevada Supreme Court's remittitur was issued on October 25, 2018. (ECF No. 29-27.)

In the meantime, on October 12, 2018, Montalvo filed a second *pro se* state habeas corpus petition. (ECF No. 29-23.) On February 15, 2019, the state district court denied Montalvo's second state petition, ruling it untimely, successive, and procedurally barred. (ECF No. 30-5.) Montalvo appealed, and the Nevada Court of Appeals affirmed, on those same grounds, on November 27, 2019. (ECF No. 30-14.) The remittitur in that case was issued on December 24, 2019. (ECF No. 29-27.)

This Court received Montalvo's pro se federal habeas petition for filing, initiating this case, on February 25, 2020. (ECF No. 7.) Montalvo's signature on the petition is dated February 24, 2020 (*id.* at 40), so the Court considers it to have been filed on that date. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (deeming document constructively filed when prisoner submits it to prison authorities for mailing to the court for filing); *see also Butler v. Long*, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) (per curiam) (as amended) (presuming document was turned over to prison authorities for filing on date signed).

Respondents filed their motion to dismiss on August 17, 2020 (ECF No. 17), arguing that Montalvo's action was untimely filed, that certain claims in his petition are unexhausted in state court, that one of his claims is duplicative, and that one of his claims is procedurally defaulted. Montalvo filed an opposition to the motion (ECF No. 36), and Respondents replied (ECF No. 43).

Montalvo filed a motion for evidentiary hearing on September 22, 2020 (ECF No. 35). Respondents filed an opposition to that motion (ECF No. 37), and Montalvo replied (ECF No. 42).

Respondents filed their reply in support of their motion to dismiss one day after the deadline for that filing. Montalvo filed a motion to strike Respondents' reply on the ground that it was filed late (ECF No. 44). Respondents, in turn, filed a motion (ECF No. 46) requesting a *nunc pro tunc* one-day extension of time. Montalvo opposed that motion (ECF No. 47). The Court finds that Respondents have shown good cause for their one-

day late filing of the reply and excusable neglect for their failure to seek an extension of time before the deadline; Respondents attribute both to a calendaring error. *See* LR IA 6-1. The Court will grant the motion for extension of time, and will deny the motion to strike.

Montalvo also filed a motion for appointment of counsel on September 22, 2020 (ECF No. 34). Respondents filed an opposition to that motion (ECF No. 37), and Montalvo replied (ECF No. 41). Montalvo has moved for appointment of counsel in the past (ECF Nos. 1-3, 3, 14), and the Court has denied those motions (ECF Nos. 6, 16). "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam)). The Court may, however, appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196. The Court determines that there no changed circumstances warranting reconsideration of Montalvo's request for appointment of counsel. The motion for appointment of counsel will be denied.

## III.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted in 1996, established a one-year statute of limitations for federal habeas petitions filed by prisoners challenging state convictions or sentences; the statue provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

3

1

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

3

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

4

28 U.S.C. 2244(d)(1). The AEDPA statute of limitations is tolled during the time that a

5

properly filed application for state post-conviction or other collateral review is pending in

6

state court. *See* 28 U.S.C. § 2244(d)(2). A habeas petitioner is entitled to equitable tolling

7

of the AEDPA statute of limitations if the petitioner shows "'(1) that he has been pursuing

8

his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

9

prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v.*

10

*DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir.

11

2009).

12

In Montalvo's case, the Nevada Court of Appeals entered its order affirming the

13

judgment of conviction on January 19, 2017. (ECF No. 28-5.) Montalvo did not seek

14

review in the United State Supreme Court, so his conviction became final and the AEDPA

15

limitations period began to run 90 days later, on April 19, 2017. *See Bowen v. Roe*, 188

16

F.3d 1157, 1158-59 (9th Cir. 1999) (holding that, when no petition for certiorari to the

17

United States Supreme Court is filed, direct review is considered to be final 90 days after

18

the decision of the state's highest court).

19

Montalvo's first state habeas petition, filed May 17, 2017 (ECF No. 28-11), tolled

20

the statute of limitations, under 28 U.S.C. § 2244(d)(2). 28 days ran against the limitations

21

period before Montalvo initiated that action, leaving 337 days of the limitations period.

22

Montalvo's first state habeas action was completed on October 25, 2018, when the

23

Nevada Supreme Court's remittitur was issued after that court's affirmance of the denial

24

of relief. (ECF No. 29-27.) The statute of limitations then began to run again, and it ran

25

out 337 days later, on September 27, 2019. Montalvo did not meet the September 27,

26

2019, AEDPA statute of limitations deadline; Montalvo mailed his federal petition to the

27

Court for filing on February 24, 2020.

28

Montalvo's second state habeas petition, filed October 12, 2018 (ECF No. 29-23), was ruled by the Nevada Supreme Court to be untimely, successive, and procedurally barred. (ECF No. 30-14.) That petition, therefore, did not qualify for statutory tolling of the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(2). *See Pace*, 544 US. at 413-17 (holding that if a post-conviction petition is untimely filed under state law, it is not "properly filed" for the purposes of § 2244(d)(2) statutory tolling).

Montalvo argues that, because he initiated his second state habeas action before the remittitur was issued on the appeal in his first state habeas action, the second state habeas action should be considered a continuation of the first, or should otherwise qualify for statutory tolling, perhaps under 28 U.S.C. § 2244(d)(2). (ECF No. 38 at 3-5.) However, Montalvo cites no legal authority supporting such an approach, and the Court knows of none. Montalvo's second—untimely filed—state habeas action did not toll the AEDPA statute of limitations.

Moreover, Montalvo does not make any showing that equitable tolling is warranted. He makes no colorable argument that any extraordinary circumstance stood in his way and prevented timely filing of his federal petition, and he makes no colorable argument that, with respect to his federal petition, he pursued his rights diligently. *See Holland*, 560 U.S. at 649; *Ramirez*, 571 F.3d at 997. The record reflects that Montalvo litigated his second—procedurally barred—state habeas action between October 12, 2018, and December 24, 2019. (*See* ECF Nos. 29-23, 29-27.) Montalvo provides no explanation why he could not have filed his federal habeas petition during that time.

Montalvo also does not show an evidentiary hearing to be warranted. In his motion for an evidentiary hearing (ECF No. 35), Montalvo requests an evidentiary hearing only regarding the merits of his claims. He does not request an evidentiary hearing with respect to any aspect of the application of the statute of limitations. There is no indication in the record that Montalvo could present any evidence that could possibly entitle him to equitable tolling.

///

Therefore, the Court will deny Montalvo's motion for evidentiary hearing and grant Respondents' motion to dismiss on the ground that this action is barred by the statute of limitations. The Court need not reach the other arguments asserted by Respondents in their motion to dismiss.

## IV.    CERTIFICATE OF APPEALABILITY

The standard for the issuance of a certificate of appealability requires a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). The Supreme Court has interpreted 28 U.S.C. § 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000).

The Court finds that, applying the standard articulated in *Slack*, reasonable jurists would not find debatable the Court's ruling that this action is barred by the statute of limitations. The Court will deny Montalvo a certificate of appealability.

Notwithstanding the denial of a certificate of appealability by this Court, Montalvo may still attempt to pursue an appeal by filing a timely notice of appeal in this action; if he does so, the Ninth Circuit Court of Appeals will then determine whether a certificate of appealability will be issued by that Court.

## V.    CONCLUSION

It is therefore ordered that Respondents' Motion for Enlargement of Time *Nunc Pro Tunc* (ECF No. 46) is granted. Respondents' reply in support of their motion to dismiss (ECF No. 43) is considered timely filed.

It is further ordered that Petitioner's Motion to Strike (ECF No. 44) is denied.

It is further ordered that Petitioner's Motion for Appointment of Counsel (ECF No. 34) is denied.

It is further ordered that Petitioner's Motion for Evidentiary Hearing (ECF No. 35) is denied.

It is further ordered Respondents' Motion to Dismiss (ECF No. 17) is granted. This action is dismissed, as barred by the statute of limitations.

It is further ordered that Petitioner is denied a certificate of appealability.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 6th Day of January 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE