UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ELIAS G. MONTALVO,<br><br>                             Petitioner,<br><br>    v.<br><br>ISIDRO BACA, *et al.*,<br><br>                            Respondents. | Case No. 3:20-cv-00131-MMD-WGC<br><br>ORDER |

      In this habeas corpus case, *pro se* Petitioner Elias G. Montalvo moves for reconsideration of the dismissal of his action on statute of limitations grounds. (ECF No. 51.) The Court will deny the motion.

      On January 6, 2021, the Court granted Respondents' motion to dismiss and dismissed this action. (ECF No. 48.) Judgment was entered that same date. (ECF No. 49.) Petitioner filed his motion for reconsideration (ECF No. 51) on January 13, 2021. Respondents filed an opposition to that motion (ECF No. 54), and Montalvo replied (ECF No. 55).

      Federal Rule of Civil Procedure 60(b) provides for relief from a judgment where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b); *see also* LR 59-1(a). Motions for reconsideration are disfavored, and a party making such a motion should not repeat arguments already presented unless

necessary to explain intervening law or argue new facts. *See* LR 59-1(b). The movant must state with particularity the points of law or fact overlooked or misunderstood by the court, or the changes in legal or factual circumstances that may entitle the movant to relief. *See* LR 59-1(a).

Montalvo does not show that there was any mistake of law or fact made by the Court, or that any other circumstance warrants reconsideration. Montalvo repeats his argument, made in his opposition to the motion to dismiss, that his procedurally barred second state habeas action should be considered a "continuation" of his first state habeas action (ECF No. 51 at 2), but, as is explained in the order dismissing the action (ECF No. 48 at 5), the law does not support that approach. The remainder of Montalvo's argument is essentially that he proceeded *pro se* in his state habeas actions, and that he did not understand the law, believing that he had to continue to exhaust his claims in state court, in his second state habeas action, before proceeding with his federal petition. (*See* ECF No. 51 at 2-6.) But a *pro se* petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). The Court will deny Petitioner's motion for reconsideration.

Notwithstanding the Court's denial of a certificate of appealability (ECF No. 48 at 6), Montalvo may attempt to pursue an appeal by filing a timely notice of appeal in this action in this Court; if he does so, the Ninth Circuit Court of Appeals will then determine whether a certificate of appealability will be issued by that court.

It is therefore ordered that Petitioner's Motion for Reconsideration (ECF No. 51) is denied.

DATED THIS 1st Day of February 2021.

 

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE